UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GERALD LEROY BARNES, II, | Case No. 6:22-cv-01352-AA |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| MIKE ANDERSON; MIKE KIRKELIE, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, currently housed at Oregon State Hospital and appearing pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff did not submit the $402.00 filing fee, and an action may proceed without payment of the filing fee only upon a properly completed Application for Leave To Proceed In Forma Pauperis (IFP). *See* 28 U.S.C. § 1915(a). Regardless, plaintiff fails to state a cognizable claim under § 1983 and no amendment would cure the deficiencies of his Complaint. Accordingly, this action is dismissed, with prejudice.

Federal law authorizes federal courts to review cases filed IFP to determine if a claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

- 1 -   ORDER OF DISMISSAL

relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

To state a claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Here, plaintiff alleges that defendants Anderson and Kirkelie, Costco store managers in Texas and Oregon, respectively, terminated his employment and failed to transfer his employment from Texas to Oregon. Plaintiff does not allege that Anderson and Kirkelie were public officials acting under color of law, or that either defendant conspired or took joint action with a state actor to render such action under "color of law" for purposes of § 1983 liability. *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991).

Given the allegations of plaintiff's Complaint, no amendment would cure this deficiency. Accordingly, this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this  4th   day of October, 2022.

                                          /s/Ann Aiken
                                              Ann Aiken
                                    United States District Judge

- 2 -    ORDER OF DISMISSAL